```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       EASTERN DIVISION
```

| | |
|---|---|
| **RYANNE PARKER,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )   **No. 20-1044-STA-tmp** |
| | ) |
| **WEST CARROLL SCHOOL DISTRICT** | ) |
| **et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

### REPORT AND RECOMMENDATION

Before the court are Ryanne Parker's "Response to and Against the Defendants' Notice to Have the Case Moved to the Federal Court," which the undersigned construes as a motion to remand; West Carroll School District, Dana Carey, Tammy Davis, and Dexter Williams's motion to dismiss; and Parker's "Motion to Have Minor Daughter Formal[ly] Added as Plaintiff and Motion for a Ruling on All Pleadings Filed Up to this Point."[1] (ECF Nos. 9; 12; 20.) For the reasons below, it is recommended that the motion to remand be denied, the motion to dismiss be granted in part and denied in part, and the motion to amend be granted.

### I.   PROPOSED FINDINGS OF FACT

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

This is an action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400-82, Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131-65, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 791-94g.[2] (ECF No. 3.) The following findings of fact are based on the well-pleaded allegations in the complaint and the exhibits attached to the complaint. Consistent with the *pro se* pleading standard and Federal Rule of Civil Procedure 12(b)(6), the court has construed the factual averments in the complaint liberally and accepts all well-pleaded allegations as true.

Parker is the single mother of a child with autism, N.P. (ECF No. 3 at 3.) N.P. is in high school and attends West Carroll School District. (Id.) N.P. receives special education services through an individualized education plan ("IEP"). (Id.) In December 2018, Parker was concerned that N.P. needed more special education support than she was receiving. (Id.) Parker contacted West Carroll school administration officials to set up an IEP meeting. (Id.) The school's administration allegedly ignored the request for an IEP meeting for more than a month. (Id.) This left N.P. "going months without beneficial intervention services." (Id.) In May

---

[2]There is a passing reference to 42 U.S.C. § 1983 at one point in the complaint, as well as references to various state board of education regulations. However, even under the liberal *pro se* pleading standard, none of these references are sufficiently developed to constitute cognizable claims.

2019, Tammy Davis, N.P.'s case manager and special education teacher, recommended that N.P.'s IEP be modified to reduce the amount of extended school year services she received. (Id. at 4.) Parker refused to agree to the cuts. (Id.) West Carroll ignored Parker's objection, mailed Parker a finalized IEP cutting N.P.'s services with the words "refused to sign" written on Parker's signature line, and unilaterally reduced N.P.'s services. (Id.)

Some discussion of the law helps clarify what happened next.[3] The IDEA is a federal law that offers funds to states if they agree to furnish a free and appropriate education to children with disabilities. Fry v. Napoleon Cmty. Sch., 137 S. Ct. 743, 748 (2017). "The IDEA provides for two administrative procedures" for a parent who believes his or her child's rights under the IDEA are being violated. Long v. Dawson Springs Indep. Sch. Dist., 197 F. App'x 427, 433–34 (6th Cir. 2006). One is "the complaint resolution procedure . . . authorized in 20 U.S.C. § 1221e-3[.]" Id. The complaint resolution procedure gives parents the right to complain to the state department of education about a local school's "failure to provide appropriate services[.]" 34 C.F.R. § 300.151. The department then investigates. Id. If the department determines that the local school has failed to provide appropriate services

---

[3]This paragraph's discussion of law is designed to help the reader understand the procedural history of this case. It is not a finding of fact in the traditional sense.

the department can order appropriate remedies. Id. The IDEA's second administrative procedure is a due process hearing. 20 U.S.C. § 1415(f). Under this procedure, an aggrieved parent files a due process complaint and has a hearing before an administrative law judge ("ALJ"), with the hearing conducted "under the authority of either the school district or the state educational agency." I.L. through Taylor v. Knox Cty. Bd. of Educ., 257 F. Supp. 3d 946, 954–55 (E.D. Tenn. 2017), aff'd on other grounds, I.L. by & through Taylor v. Tennessee Dep't of Educ., 739 F. App'x 319 (6th Cir. 2018). If the hearing is conducted by the state educational agency, the ALJ's decision is final. Id. If the hearing is conducted by the school district, either party may appeal to the state educational agency and get another hearing. Id. "Once the state ALJ issues a decision, the parties may sue in federal court." Id.

Parker made use of both procedures. After her dispute with the school district arose, Parker filed a complaint with the state department of education.[4] (ECF No. 3 at 10.) The department investigated and concluded that West Carroll violated both Parker's and N.P.'s substantive and procedural rights under the IDEA and state special education law. (Id.) The department concluded the failure to convene an IEP meeting within ten days of

---

[4]Parker also filed a complaint with the local school district, which investigated itself and concluded it was in the right. (Id. at 29-36.)

a request violated state special education law. (Id. at 13.) The department further concluded that the school district violated state and federal special education law by finalizing N.P.'s IEP without Parker's consent and by unilaterally cutting N.P.'s services. (Id. at 12.) The department ordered compensatory educational services, individualized education plan meetings, and training on special education law for school staff. (Id. at 15-6.)

After the department's order, in the beginning of the 2019-20 school year, Parker filed a request for a due process hearing. (Id. at 5.) West Carroll held a hearing. (Id.) At the hearing, Parker said she was generally satisfied with the curriculum and services N.P. was currently receiving. (Id. at 25-6.) However, Parker asked the ALJ to award her damages to compensate her and her daughter for the harms caused by West Carroll's actions in the 2018-19 school year. (Id. at 5.) The ALJ explained he did not have the authority to do that and that Parker needed to file a complaint in state court if she wanted to recover damages. (Id. at 5.) The ALJ issued a decision that imposed somewhat broader obligations on West Carroll than were imposed on the school district by the state department. (Id. at 27-8.) Parker then filed this suit in state court, which seeks damages as relief. (Id. at 8.)

The defendants removed to federal court and moved to dismiss. (ECF Nos. 1 & 12.) The defendants argue: (1) that Parker's suit

should be dismissed for failure to exhaust her administrative remedies; (2) that Parker does not have standing to assert claims under the ADA and Rehabilitation Act because Parker has brought this suit on her own behalf while the harms Parker alleges in her complaint were suffered by her minor child; (3) that the individual defendants should be dismissed because none of the federal statutes Parker brings suit under impose liability on individuals; and (4) that Parker's claim for punitive damages against West Carroll should be dismissed.[5] (ECF No. 12-1 at 5.) Parker has moved to remand this action. (ECF No. 9.)

## II. PROPOSED CONCLUSIONS OF LAW

**A. Removal**

Parker argues that this case should be remanded to state court. Parker contends that all of her claims are state law claims, not federal claims. After reviewing the defendants' motion to dismiss, it appeared that the defendants were arguing against the existence of subject-matter jurisdiction. As discussed above, the defendants raised standing arguments against two of Parker's three claims. Article III standing is a question of subject-matter jurisdiction. Frank v. Gaos, 139 S. Ct. 1041, 1046 (2019). The

---

[5]The defendants also argue that any official capacity claims Parker may be bringing against individual defendants should be dismissed as redundant because West Carroll is named as a defendant. However, it does not appear that there are any official capacity claims in the complaint.

defendants also suggested that Parker's alleged failure to exhaust her administrative remedies might deprive this court of subject-matter jurisdiction. Concerned that it might not be able to adjudicate a case where both parties disputed the existence of subject-matter jurisdiction, the court ordered supplemental briefing. (ECF No. 16.) Because the court anticipated there was some possibility the exhaustion and standing arguments might be resolved differently, the court also ordered briefing on whether, under 28 U.S.C. § 1447(c) in a multi-claim removed case in which the court would have had original jurisdiction over one of the removed claims but would not have had original jurisdiction over the other claims and cannot exercise supplemental jurisdiction over those claims, the court should remand those claims to state court or if the court should dismiss those claims without prejudice for lack of subject-matter jurisdiction. See Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 391 (1998) (discussing this issue without resolving it).

In response to the order for supplemental briefing, the defendants argue that failure to exhaust is a merits issue, not a jurisdictional issue. (ECF No. 19.) The defendants posit that Parker has standing to bring her IDEA claim and the court thus would have original jurisdiction over at least one of her claims. Given this, the defendants assert removal (and jurisdiction) was

proper. The defendants further argue partial remand is inconsistent with the language of the federal removal statute.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States[.]" 28 U.S.C. § 1441. This allows defendants to remove suits originally brought in state court to federal court if the federal court would have had subject-matter jurisdiction had the matter originally been brought in federal court. One basis for federal jurisdiction is the existence of a federal question. 28 U.S.C. § 1331. Federal question jurisdiction is invoked when the plaintiff "pleads a colorable claim 'arising under' the Federal Constitution or laws." Conway v. Loiseau, No. 19-CV-2677-TLP-tmp, 2019 WL 6337447, at *2 (W.D. Tenn. Oct. 9, 2019), report and recommendation adopted, 2019 WL 6330644 (W.D. Tenn. Nov. 26, 2019) (quoting Arbaugh v. Y&H Corp., 546 U.S. 500, 512 (2006)). In removing an action to federal court, the defendants bear the burden of properly establishing federal jurisdiction. Eastman v. Marine Mech. Corp., 438 F.3d 544, 549 (6th Cir. 2006). "Ordinarily, a defendant may remove a state court case to federal court only if it could have been brought there in the first place; that is, if the federal court would have original jurisdiction over the case." Strong v. Telectronics Pacing Systems, Inc., 78 F.3d 256, 259 (6th Cir. 1996).

The defendants' supplemental briefing satisfies the court that at least one party is asserting subject-matter jurisdiction. With that resolved, the court turns to federal question jurisdiction. The IDEA, ADA, and Rehabilitation Act are all federal laws. While older caselaw had characterized failure to exhaust as a jurisdictional problem, more recent caselaw has evaluated it as a merits issue. F.C. v. Tennessee Dep't of Educ., 745 F. App'x 605, 608 (6th Cir. 2018). Furthermore, Parker has standing to bring an IDEA claim on her own behalf. Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 535 (2007). The defendants have established the existence of original jurisdiction over Parker's IDEA claim.

Following the additional briefing it has received, the court does not believe it appropriate to recommend remand of those specific claims where the defendants have challenged Parker's standing. Neither party has argued in favor of partial remand and such an approach would create obvious practical problems. While there are cases in which courts have remanded individual claims in an otherwise properly removed case, see Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 427 (2d Cir. 2014); Shaw v. Marriott Int'l, Inc., 605 F.3d 1039, 1044 (D.C. Cir. 2010); Hudson Sav. Bank v. Austin, 479 F.3d 102, 109 (1st Cir. 2007); Fincher v. S. Bend Hous. Auth., 612 F. Supp. 2d 1009, 1020 (N.D. Ind. 2009), the undersigned has not found caselaw that suggests a court is

obligated to *sua sponte* divide a case in this fashion. Because the defendants have demonstrated the existence of original jurisdiction over Parker's IDEA claim, it is recommended that the motion to remand be denied.

**B.   Standard of Review**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court views plaintiffs' allegations in the light most favorable to them and accepts all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010) (quoting Iqbal, 556 U.S. at 677). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). To satisfy this requirement, plaintiffs must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of

further factual enhancement." Id. (alteration omitted) (quoting Twombly, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that

responsibility does not encompass advising litigants as to what legal theories they should pursue.").

**C. Exhaustion**

The defendants argue that Parker's complaint should be dismissed for failure to exhaust her administrative remedies under the IDEA. Though defendants concede Parker participated in a due process hearing, they argue that by failing to appeal that hearing to the state department of education, Parker failed to fully exhaust her remedies.

As discussed above, the IDEA creates a set of administrative remedies for aggrieved parents. Before a plaintiff may sue in federal court for violation of the IDEA, he or she must exhaust his or her due process hearing rights. Long v. Dawson Springs Indep. Sch. Dist., 197 F. App'x 427, 433–34 (6th Cir. 2006). The IDEA's exhaustion requirement also applies to suits brought under the ADA and Rehabilitation Act. As the Supreme Court recently explained, "[a] plaintiff bringing suit under the ADA, the Rehabilitation Act, or similar laws must in certain circumstances — that is, when 'seeking relief that is also available under' the IDEA — first exhaust the IDEA's administrative procedures." Fry v. Napoleon Cmty. Sch., 137 S. Ct. 743, 750 (2017). To determine if a plaintiff is seeking relief that is also available under the IDEA, courts examine whether the gravamen of the plaintiff's

-12-

complaint is the deprivation of a free and appropriate public education. Id.

"Exceptions are made to the IDEA's exhaustion requirement where administrative remedies would be futile or inadequate." C.P. v. Tennessee Dep't of Educ., No. 3:16-CV-02938, 2018 WL 1566819, at *4 (M.D. Tenn. Mar. 30, 2018). The IDEA does not allow ALJs to award general money damages. W.R. v. Ohio Health Dep't, 651 F. App'x 514, 519 (6th Cir. 2016). As a result, "while a claim for money damages does not automatically create an exception to the exhaustion requirement of the IDEA," when the "only remedy capable of redressing" a plaintiff's injuries is general damages, exhaustion is futile. Covington v. Knox Cty. Sch. Sys., 205 F.3d 912, 918 (6th Cir. 2000), amended on denial of reh'g (May 2, 2000); see also F.H. ex rel. Hall v. Memphis City Sch., 764 F.3d 638, 644 (6th Cir. 2014) (reaffirming Covington's holding). However, if a plaintiff seeks a form of relief that an ALJ could award alongside money damages, exhaustion is required. S.E. v. Grant Cty. Bd. of Educ., 544 F.3d 633, 642 (6th Cir. 2008). Caselaw provides some examples of when money damages would be the "only remedy capable of redressing" a plaintiff's injuries. In Covington, the plaintiff was not required to exhaust administrative remedies because the plaintiff's child had already graduated from school at the time of suit and sought damages for psychological and emotional injuries caused by serious mistreatment by school officials. Covington, 205

F.3d at 917. Similarly, Covington favorably cited to W.B. v. Matula, in which a plaintiff seeking money damages was not required to exhaust administrative procedures because the school district settled all non-money damage claims before a due process hearing. W.B. v. Matula, 67 F.3d 484, 496 (3d Cir. 1995), abrogated on other grounds by A.W. v. Jersey City Pub. Sch., 486 F.3d 791 (3d Cir. 2007). In contrast, plaintiffs seeking reimbursement for previously incurred educational expenses are required to exhaust because that remedy is available through the administrative process, as are plaintiffs seeking compensatory educational services. Gean v. Hattaway, 330 F.3d 758, 774 (6th Cir. 2003); S.E., 544 F.3d at 642.

In this suit, Parker is seeking money damages for the damage to her daughter's education allegedly caused by West Carroll and associated emotional distress suffered by both Parker and her daughter. The gravamen of the complaint is thus denial of a free and appropriate public education. However, Parker is only seeking money damages in this suit. Parker obtained other forms of relief she might have sought through the administrative process, specifically changes to her daughter's educational program and compensatory educational services. Parker is thus not a plaintiff who is appending a claim for money damages to her complaint to evade the administrative process. Rather, Parker engaged with the administrative process, obtained what relief the administrative

process could provide, and filed suit to obtain a specific form of relief the administrative process cannot provide. It would be futile for Parker to do anything further. It is recommended that the motion to dismiss Parker's complaint for failure to exhaust be denied.

**D.   Standing and Leave to Amend**

The defendants argue that Parker does not have standing to assert claims under the ADA and Rehabilitation Act because Parker has brought this suit on her own behalf while the harms Parker alleges in her complaint were suffered by her minor child. Parker argues she has standing to bring both claims in her own right. Parker has also moved to amend her complaint to add her minor child as a plaintiff.

Assuming without deciding that Parker's complaint has standing problems, those issues could easily be cured by adding her daughter as a plaintiff. The Federal Rules state that leave to amend should be "freely given" when the interests of justice so require. Fed. R. Civ. P. 15(a)(2). "'In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be freely given.'" Parchman v. SLM Corp., 896 F.3d 728,

-15-

736 (6th Cir. 2018) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Courts should be especially liberal about granting leave to amend "at the outset" of a case. J.H. v. Williamson Cty., Tennessee, 951 F.3d 709, 722 (6th Cir. 2020). The defendants have not articulated any reason why leave to amend should not be granted here. It is recommended that the motion to amend be granted and the motion to dismiss for lack of standing be denied.

**E.   Individual Capacity Claims**

The defendants move to dismiss the individual claims against Dana Carey, Tammy Davis, and Dexter Williams. Neither the IDEA, the ADA, nor the Rehabilitation Act impose liability on government officials as individuals. Lee v. Michigan Parole Bd., 104 F. App'x 490, 493 (6th Cir. 2004) (holding that neither the ADA nor Rehabilitation Act impose liability on government employees sued as individuals); Link ex rel. Link v. Metro. Gov't of Nashville & Davidson Cty., No. 3:12-CV-0472, 2012 WL 4506028, at *6 (M.D. Tenn. Sept. 28, 2012) (same but with the IDEA). It is recommended that Parker's claims against Dana Carey, Tammy Davis, and Dexter Williams be dismissed.

**F.   Punitive Damages**

The defendants move to dismiss Parker's punitive damages claim against West Carroll. Neither the IDEA, the ADA, nor the Rehabilitation Act authorize punitive damages against municipalities. Barnes v. Gorman, 536 U.S. 181, 189 (2002) (no

punitive damages against municipalities under the ADA or Rehabilitation Act); W.R. v. Ohio Health Dep't, 651 F. App'x 514, 519 (6th Cir. 2016) (no punitive damages under the IDEA). It is recommended that Parker's punitive damages claim against West Carroll be dismissed.

### III.  RECOMMENDATION

For the reasons above, it is recommended that Parker's motion to remand be denied, the defendants' motion to dismiss be granted in part and denied in part, and that Parker's motion for leave to amend be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

May 27, 2020
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**