IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| RYANNE PARKER, individually and on behalf of her minor daughter, N.P., <br><br> Plaintiffs, <br><br> v. <br><br> WEST CARROLL SCHOOL DISTRICT, <br><br> Defendant. | No. 20-cv-1044-STA-tmp |

## REPORT AND RECOMMENDATION

Before the court is defendant West Carroll School District's Partial Motion to Dismiss Amended Complaint, filed September 18, 2020. (ECF No. 47.) *Pro se* plaintiff Ryanne Parker filed a response on September 29, 2020. (ECF No. 52.) Pursuant to Administrative Order 2013-05 (Apr. 29, 2013), this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the reasons below, it is recommended that the Partial Motion to Dismiss Amended Complaint be granted.

### I.    PROPOSED FINDINGS OF FACT

Plaintiff Ryanne Parker is the single mother of a child with autism, N.P. (ECF No. 45 at 2-3.) N.P. is in high school and attends West Carroll School District ("West Carroll"). (Id.) N.P.

receives special education services through an individualized education plan ("IEP"). (Id. at 4.) In October 2018, Parker was concerned that N.P. needed more special education support than she was receiving, so she inquired about potential intervention services for N.P. and was told she needed to schedule an IEP meeting in addition to an already scheduled mediation meeting. (Id.) In December 2018, the West Carroll school administration sent Parker an invitation for "a needed and necessary" IEP meeting. (Id.)

Following the previously scheduled mediation meeting, Parker sent an email to the West Carroll school administration to discuss what she considered to be inaccurate statements made during the meeting and to formally request an IEP meeting. (Id.) West Carroll did not respond to the request for more than a month, leaving N.P. "without beneficial intervention services" in the interim. (Id.; ECF No. 3 at 3.) In May 2019, the parties met for an end-of-year IEP meeting. (ECF No. 45 at 4.) At the meeting, Tammy Davis, N.P.'s case manager and special education teacher, recommended that N.P.'s IEP be modified to reduce the amount of extended school year services she received. (ECF Nos. 3 at 4; 45 at 4-5.) Parker refused to agree to the cuts. (ECF No. 45 at 5.) West Carroll ignored Parker's objection, mailed Parker a finalized IEP cutting N.P.'s services with the words "refused to sign" written on

Parker's signature line, and unilaterally reduced N.P.'s services. (Id.)

Some discussion of the law helps clarify what happened next.[1] The Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400-82, is a federal law that offers funds to states if they agree to furnish a free and appropriate education to children with disabilities. Fry v. Napoleon Cmty. Sch., 137 S. Ct. 743, 748 (2017). "The IDEA provides for two administrative procedures" for a parent who believes his or her child's rights under the IDEA are being violated. Long v. Dawson Springs Indep. Sch. Dist., 197 F. App'x 427, 433–34 (6th Cir. 2006). One is "the complaint resolution procedure . . . authorized in 20 U.S.C. § 1221e-3[.]" Id. The complaint resolution procedure gives parents the right to complain to the state department of education about a local school's "failure to provide appropriate services[.]" 34 C.F.R. § 300.151. The department then investigates. Id. If the department determines that the local school has failed to provide appropriate services, the department can order appropriate remedies. Id. The IDEA's second administrative procedure is a due process hearing. 20 U.S.C. § 1415(f). Under this procedure, an aggrieved parent files a due process complaint and has a hearing before an administrative law

---

[1]This paragraph's discussion of law is designed to help the reader understand the procedural history of this case. It is not a finding of fact in the traditional sense.

judge ("ALJ"), with the hearing conducted "under the authority of either the school district or the state educational agency." I.L. through Taylor v. Knox Cty. Bd. of Educ., 257 F. Supp. 3d 946, 954–55 (E.D. Tenn. 2017), aff'd on other grounds, I.L. by & through Taylor v. Tenn. Dep't of Educ., 739 F. App'x 319 (6th Cir. 2018). If the hearing is conducted by the state educational agency, the ALJ's decision is final. Id. If the hearing is conducted by the school district, either party may appeal to the state educational agency and get another hearing. Id. "Once the state ALJ issues a decision, the parties may sue in federal court." Id.

Parker made use of both procedures. After her dispute with the school district arose, Parker filed a complaint with the state department of education.[2] (ECF No. 45 at 5.) The department investigated and concluded that West Carroll violated both Parker's and N.P.'s substantive and procedural rights under the IDEA and state special education law. (ECF Nos. 3 at 4; 45 at 5.) The department found that West Carroll violated N.P.'s right to a free and appropriate public-school education and concluded the failure to convene an IEP meeting within ten days of a request violated state special education law. (ECF No. 45 at 3.) The department further concluded that the school district violated

---

[2]Parker also filed a complaint with the local school district, which investigated itself and concluded it was in the right. (ECF No. 45 at 5.)

state and federal special education law by finalizing N.P.'s IEP without Parker's consent and by unilaterally cutting N.P.'s services. (Id.) The department ordered compensatory educational services, individualized education plan meetings, and training on special education law for school staff. (Id.)

After the department's order, in the beginning of the 2019-20 school year, Parker filed a request for a due process hearing. (Id. at 4-5.) West Carroll held a hearing. (Id.) At the hearing, Parker said she was generally satisfied with the curriculum and services N.P. was currently receiving. (ECF No. 3 at 25-6.) However, Parker asked the ALJ to award her damages to compensate her and her daughter for the harms caused by West Carroll's actions in the 2018-19 school year. (ECF Nos. 3 at 5; 45 at 5-6.) The ALJ explained he did not have the authority to do that and that Parker needed to file a complaint in state court if she wanted to recover damages. (ECF No. 3 at 5.) The ALJ issued a decision that imposed somewhat broader obligations on West Carroll than were imposed on the school district by the state department. (Id. at 27-8.) Parker then filed this suit in state court, which seeks damages as relief. (ECF Nos. 3 at 8; 45 at 6.) Her initial complaint named West Carroll, Dana Carey, Tammy Davis, and Dexter Williams as defendants. (ECF No. 3 at 3.)

The defendants removed this suit to federal court on February 21, 2020, and filed a motion to dismiss on February 27, 2020. (ECF

Nos. 1, 12.) Parker moved to remand the case on February 26, 2020,

and filed a "Motion to Have Minor Daughter Formal[ly] Added as

Plaintiff and Motion for a Ruling on All Pleadings Filed Up to

this Point" on March 12, 2020, which this court construed as both

a response to the motion to dismiss and a motion to amend. (ECF

Nos. 9, 20.) After careful consideration, the undersigned entered

a Report and Recommendation denying the motion to remand, granting

in part and denying in part the motion to dismiss, and granting

the motion to amend. (ECF No. 32.) In doing so, the undersigned

recommended that the court dismiss all of Parker's claims for

punitive damages against West Carroll along with all of her claims

against Carey, Davis, and Williams. (Id.) Parker filed an amended

complaint on June 8, 2020, naming N.P. as an additional plaintiff.

(ECF No. 35.) When Parker did not file any objections, the district

judge entered an order adopting the undersigned's Report and

Recommendation. (ECF No. 40.) On August 4, 2020, Parker's attorney

filed a motion to withdraw from the case and Parker subsequently

filed a motion for an extension of time to file an additional

amended complaint. (ECF Nos. 41, 43.) The district judge granted

both motions the next day. (ECF No. 44.) On September 4, 2020,

Parker filed an additional amended complaint. (ECF No. 45.) The

amended complaint appears to assert claims under unspecified

Tennessee state laws, IDEA, the Americans with Disabilities Act of

1990, 42 U.S.C. 12132, *et seq.* ("ADA"), and 42 U.S.C. § 1983.

- 6 -

On September 18, 2020, West Carroll filed an answer to the amended complaint and a partial motion to dismiss. (ECF Nos. 47, 48.) Parker responded to the motion to dismiss on September 29, 2020, though her response did not address the merits of West Carroll's motion beyond stating that it has no merit and no legal basis. (ECF No. 52.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court views plaintiffs' allegations in the light most favorable to them and accepts all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Fritz v. Charter Twp. Of Comstock, 592 F.3d 718, 722 (6th Cir. 2010) (quoting Iqbal, 556 U.S. at 677). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557

- 7 -

(2007)). To satisfy this requirement, plaintiffs must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." Id. (alteration omitted) (quoting Twombly, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a

particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

**B.    The ADA and § 504**

West Carroll first urges this court to dismiss Parker's individual capacity claims under the ADA and § 504 of the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* ("§ 504"), because she was not personally subjected to any discrimination.[3] Several district courts in the Sixth Circuit have held that parents do not have standing to prosecute claims on their own behalf for discrimination against their children under the ADA or § 504. See, e.g., Sorah v. Tipp City Exempted Vill. Sch. Dist. Bd. of Educ., No. 3:19-CV-120, 2020 WL 1242882, at *4 (S.D. Ohio Mar. 16, 2020) ("Given that Brandy Sorah has failed to allege that Defendants took any adverse action directly against her as a result of her advocacy, the Court concludes that she lacks standing to pursue claims under the ADA and § 504."); Burton v. Cleveland Heights-Univ. Heights City Sch. Dist. Bd. of Educ., No. 17 CV 134, 2017 WL 4348915, at *3-4 (N.D. Ohio Sept. 29, 2017) ("The Court agrees

---

[3]Parker does not appear to directly allege a claim under § 504 in her amended complaint. However, because she makes a passing reference to the statute in her Background Allegations, for the sake of completeness, the undersigned will construe her complaint as alleging a § 504 claim.

that Mrs. Burton does not have standing to assert personal claims under the ADA and the Rehabilitation Act based on violations of Amiya's rights."); Link v. Metro. Gov't of Nashville & Davidson Cty., No. 12-cv-0472, 2012 WL 4506028, at *5 (M.D. Tenn. Sept. 28, 2012) ("[T]he court refuses . . . to confer independent standing on parents asserting claims under the Rehabilitation Act and the ADA.").[4] Here, Parker's personal claims under the ADA and § 504 are based on alleged discrimination against her daughter and her daughter being denied a free and appropriate public-school education. Accordingly, Parker's personal claims under the ADA and § 504 must be dismissed.

**C.   42 U.S.C. § 1983**

West Carroll further argues that Parker does not have a colorable claim under 42 U.S.C. § 1983 because she does not allege a municipal policy or custom that culminated in a constitutional violation. Section 1983 allows citizens to bring actions against any person who, acting under color of law, subjects "any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights[ or] privileges . . .

---

[4]As this court noted in its previous Report and Recommendation, parents of disabled children have standing to bring IDEA claims on their own behalf. (ECF No. 32 at 9); Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007) ("Parents enjoy rights under IDEA; and they are, as a result, entitled to prosecute IDEA claims on their own behalf.").

secured by the Constitution and laws" of the United States.[5] 42 U.S.C. § 1983. It does not create substantive rights but instead "provides remedies for deprivations of rights established elsewhere." Flint v. Ky. Dep't of Corr., 270 F.3d 340, 351 (6th Cir. 2001) (citing Okla. City v. Tuttle, 471 U.S. 808 (1985)). There are two elements to a claim under § 1983: "(1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law." Conexx Staffing Servs. v. PrideStaff, No. 2:17-cv-02350-SHM-cgc, 2017 WL 9477760, at *2 (W.D. Tenn. Nov. 3, 2017) (citing Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003)).

"A school district can be liable under § 1983 if its own policies or customs infringed upon the 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." Beard v. Whitmore Lake Sch. Dist., 244 F. App'x 607, 610 (6th Cir. 2007) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)). This is because municipalities cannot be held vicariously liable for the actions of an individual employee or agent. Garner v. Harrod, 656 F. App'x 755, 760 (6th Cir. 2016)

---

[5]A school district is a person for purposes of § 1983. Hicks v. Benton Cty. Bd. of Educ., 222 F. Supp. 3d 613, 623 (W.D. Tenn. 2016) (citing Ford v. Cty. of Grand Traverse, 535 F.3d 483, 495 (6th Cir. 2008) and Doe v. Claiborne Cty., Tenn. by & through Claiborne Cty. Bd. of Educ., 103 F.3d 495, 505 (6th Cir. 1996)).

(citing <u>City of Canton v. Harris</u>, 489 U.S. 378, 385 (1989)). Thus, to hold a school district liable under § 1983, the Sixth Circuit has held that a plaintiff must "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [his] particular injury was incurred due to the execution of that policy." <u>Vereecke v. Huron Valley Sch. Dist.</u>, 609 F.3d 392, 403 (6th Cir. 2010) (quoting <u>Turner v. City of Taylor</u>, 412 F.3d 629, 639 (6th Cir. 2005)). A § 1983 plaintiff can establish a municipal policy or custom by offering proof of: "(1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." <u>Thomas v. City of Chattanooga</u>, 398 F.3d 426, 429 (6th Cir. 2005). Any constitutional deprivation must be directly linked to the policy or custom. <u>Beard</u>, 244 F. App'x at 610. Even under a liberal *pro se* pleading standard, "[the] Plaintiff bears the burden of explaining with minimal, but sufficient, facts exactly what policy or custom caused his injury." <u>Lovelace v. City of Memphis Police Dep't</u>, No. 08-2776, 2010 WL 711190, at *3 (W.D. Tenn. Feb. 24, 2010) (citing <u>Twombly</u>, 550 U.S. at 570).

Accepting all of the facts in the complaint as true, the court finds that Parker has not alleged a plausible claim under § 1983. Indeed, in the undersigned's prior Report and Recommendation

regarding the initial complaint, the undersigned found that, "even under the liberal *pro se* pleading standard," there was no cognizable claim under 42 U.S.C. § 1983. (ECF No. 32 at 2 n.2.) This result has not changed under the amended complaint, as Parker has not sufficiently pled a municipal policy or custom that caused her an injury. See Lovelace, 2010 WL 711190, at *3 (dismissing a *pro se* plaintiff's § 1983 claim because the plaintiff did not allege sufficient facts to establish a policy or custom and noting that "[t]he Court is under no duty to conjure a policy or custom that would support Plaintiff's suit"). Despite Parker's assertion in her response to the motion to dismiss of "an ongoing practice and pattern violating Plaintiff pro se and her daughter's civil and constitutional rights," her allegations are at most conclusory and West Carroll's actions do not fit into any of the Sixth Circuit's four approaches for establishing a municipal policy or custom. See Thomas, 398 F.3d at 429; see also Hicks, 222 F. Supp. 3d at 625-36 (quoting Nouri, 615 F. App'x at 607) ("A pattern of misconduct cannot be demonstrated 'from the mistreatment of the plaintiff[.]'"); Lausin ex rel. Lausin v. Bishko, 727 F. Supp. 2d 610, 637 (N.D. Ohio 2010) ("The presence of a custom or policy that is unconstitutional cannot be established by evidence of a single instance of allegedly unconstitutional conduct."). As such, the undersigned recommends that Parker's individual § 1983 claim be dismissed.

**D.   *Pro Se* Representation of a Minor Child**

West Carroll also asks this court to dismiss Parker's claims

on behalf of N.P. because Parker is proceeding *pro* se. Appearances

in federal court are governed by 28 U.S.C. § 1654. This statute

generally prohibits non-lawyers from representing persons other

than themselves in federal court. Olagues v. Timken, 908 F.3d 200,

203 (6th Cir. 2018) ("[W]e have consistently interpreted § 1654 as

prohibiting *pro se* litigants from trying to assert the rights of

others."). Consequently, *pro se* parents are barred from pursuing

claims on behalf of their minor children in federal court. Peterson

v. Rice, No. 16-2812-JDT-tmp, 2017 WL 1289457, at *3 (W.D. Tenn.

Mar. 9, 2017) (citing Shepherd v. Wellman, 313 F.3d 963, 970 (6th.

Cir. 2002)); see also Myers v. Loudoun Cty. Public Sch., 418 F.3d

395, 401 (4th Cir. 2005) (collecting cases) ("[N]on-attorney

parents generally may not litigate the claims of their minor

children in federal court."); Smith on behalf of Estate of Smith

v. City of Memphis, No. 20-2086-JTF-dkv, 2020 WL 6440489, at *5

(W.D. Tenn. Apr. 2, 2020) (quoting Shepherd, 313 F.3d at 970)

("[P]arents cannot appear *pro se* on behalf of their minor children

because a minor's personal cause of action is her own and does not

belong to her parent or representative."). The Sixth Circuit has

"explicitly held that non-lawyer parents may not represent their

child in an action brought under the IDEA." Chukwuani v. Solon

City Sch. Dist., No. 19-3574, 2020 U.S. App. LEXIS 12863, at *6

(6th Cir. Apr. 21, 2020) (citing <u>Cavanaugh ex rel. Cavanaugh v.</u> <u>Cardinal Local Sch. Dist.</u>, 409 F.3d 753, 756 (6th Cir. 2005), <u>abrogated on other grounds</u>, <u>Winkelman</u>, 550 U.S. at 521-22, 535). This rule applies equally to claims brought under the ADA, § 504, and § 1983. <u>H.C. v. Fleming Cty. Ky. Bd. of Educ.</u>, No. 17-6269, 2018 U.S. App. LEXIS 19011, *3-4 (6th Cir. July 11, 2018) (affirming the dismissal of a minor child's ADA, § 504, and § 1983 claims brought by a *pro se* parent because the parent could only assert claims that were personal to her). Parker is no longer represented by counsel and is thus attempting to bring N.P.'s claims without an attorney. The undersigned recommends that Parker's claims brought on behalf of N.P. be dismissed without prejudice.

### III. RECOMMENDATION

For the reasons above, the undersigned recommends the Partial Motion to Dismiss be granted.

Respectfully submitted,

s/ Tu M. Pham_____
TU M. PHAM
Chief United States Magistrate Judge

November 24, 2020 _____
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S**

OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A
COPY.  28 U.S.C.  §  636(b)(1);  FED.  R.  CIV.  P.  72(b)(2);  L.R.
72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS
MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER
APPEAL.