IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| RYANNE PARKER, individually and on behalf of her minor daughter, N.P., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 20-cv-1044-STA-tmp |
| WEST CARROLL SCHOOL DISTRICT, | ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S COUNSEL TO SUBMIT WRITTEN TRANSCRIPT OF NOVEMBER 19, 2019 HEARING AND MOTION TO HAVE VIDEO RECORDING OF HEARING SUBMITTED AS AN EXHIBIT**

Before the court are *pro se* Plaintiff Ryanne Parker's Motion to Compel Defendant's Counsel to Submit Written Transcript of November 19, 2019 Hearing as an Exhibit and Motion to Have Video Recording of Hearing Submitted as an Exhibit, filed on November 25 and 30, 2020. (ECF Nos. 55-56.)[1] Defendant West Carroll School District responded to both motions on December 14, 2020. (ECF Nos. 58-59.) For following reasons, Parker's motions are DENIED.

I. BACKGROUND

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

*Pro se* Plaintiff Ryanne Parker and Defendant West Carroll School District ("West Carroll") have been litigating the case that is presently before the court since January 23, 2020.[2] (ECF No. 3, at 8.) While the underlying facts behind this case are more fully described in other orders by this court, the present dispute centers around a single event that preceded the filing of this lawsuit: a due process hearing in November 2019 hosted by West Carroll. (ECF Nos. 55-56.) In particular, Parker is requesting leave to submit a video recording of the hearing as evidence and for this court to compel West Carroll to submit a written transcript of the same. (ECF Nos. 55-56.) To support these requests, Parker provided a copy of West Carroll's "Section 504 and ADA Grievance Procedures," which reads:

> Instead of a formal written transcript produced by a court reporter, the entire due process hearing will be video recorded. The school system shall provide a copy of the recording to the parent/guardian on request. . . . If a parent/guardian appeals the decision of the hearing officer to a court of competent jurisdiction, the school system shall prepare a written transcript of the hearing to be offered to the court as an exhibit.

(ECF No. 55, at 5.) According to Parker, the hearing contains "a confession from an agent of the Defendants who stated that she did not want [an extended school year] or any other services for NP,

---

[2]Parker initially named Dana Carey, Tammy Davis, and Dexter Williams as additional co-defendants. Parker's claims against Carey, Davis, and Williams were all dismissed for failure to state a claim. (ECF Nos. 32, 40.)

plaintiff, because of her mother Ryanne Parker, plaintiff pro se." (ECF No. 56.)

Discovery in this case is ongoing and Parker propounded a set of interrogatories and requests for production on West Carroll September 14, 2020. (ECF No. 46.) In West Carroll's discovery responses, it provided "video footage of a meeting with Plaintiff in November 2019." (ECF No. 58.) According to West Carroll, none of these discovery requests directly pertained to a written transcript of the November 2019 hearing. (ECF No. 58.)

## II.  ANALYSIS

Parker's first motion seeks leave for her to submit as an exhibit a video recording of the November 2019 hearing and her second motion requests for this court to compel West Carroll to submit a written transcript of the hearing as an exhibit. According to Parker, the hearing "is an important part of factual evidence that includes the testimony of agents from the West Carroll Special School District" and West Carroll was obligated by its own rules to prepare a written transcript of the hearing for the court.[3] This

---

[3]The undersigned notes that Parker does not appear to be in possession of a written transcript of the November 2019 hearing and does not appear to have requested that West Carroll produce a copy of the transcript in discovery. Because Parker's motion for this court to compel West Carroll to submit the transcript as an exhibit is premature, the undersigned need not reach West Carroll's remaining arguments that the written transcript is not a proper target of discovery. The court will address this issue should Parker request West Carroll to produce the transcript and subsequently file a motion to compel discovery.

case is not at a stage where the court can receive evidence. See, e.g., Patrick v. Petroff, No. 1:16-cv-00945-AWI-MJS (PC), 2016 WL 7159243, at *8 (E.D. Cal. Dec. 8, 2016) ("At the pleading stage, the Court must accept Plaintiff's allegations as true. Plaintiff is not required to submit evidence in support of his contentions. Parties may not file evidence with the Court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court)."); Jameson v. Bailey, No. CIV S-10-0124 KJM EFB PS, 2011 WL 837115, at *3 (E.D. Cal. Mar. 9, 2011) ("As this case is still in the pretrial stage, plaintiff may not enter documents into evidence at this time."); McCreary v. Malone, No. 3:10-cv-00126-RCJ-VPC, 2010 WL 5464177, at *4 (D. Nev. Dec. 28, 2010) ("The presentation of evidence is appropriate during litigation, such as summary judgment or at trial, but not at the pleading stage."); Clemons v. Pastor, No. C10-5235 RJBKLS, 2010 WL 3033786, at *1 (W.D. Wash. July 29, 2010) ("Plaintiff seeks to submit unidentified and unspecified evidence to be retained in the court's possession. There are presently no pending motions. The court does not retain evidence on behalf of the parties."). Should this case reach trial or be subject to a motion for summary judgment, Parker may seek to enter evidence of the hearing at that time.[4]

---

[4]Additionally, Parker's motions do not comply with Local Rule 7.2(a)(1)(B), which states:

### III. CONCLUSION

For the reasons above, Parker's Motion to Compel Defendant's Counsel to Submit Written Transcript of November 19, 2019 Hearing as an Exhibit and Motion to Have Video Recording of Hearing Submitted as an Exhibit are DENIED without prejudice.

IT IS SO ORDERED.

                                        s/ Tu M. Pham_____
                                        TU M. PHAM
                                        Chief United States Magistrate Judge

---

> All motions, including discovery motions but not including motions pursuant to Fed. R. Civ. P. 12, 56, 59 and 60[,] shall be accompanied by a certificate of counsel or the parties proceeding *pro se* affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion. Failure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion.

L.R. 7.2(b)(2). As a *pro se* litigant, Parker is still bound by both the Federal Rules of Civil Procedure and the local rules. See Wallace v. Brown, No. 2:17-cv-02269, 2020 WL 4228310, at \*3 (W.D. Tenn. July 23, 2020) (citing Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)). While "district courts may liberally construe the federal and local rules for *pro se* litigants, even *pro se* litigants are obligated to follow these rules." Greer v. Home Realty Co. of Memphis Inc., No. 2:07-cv-2639, 2010 WL 6512339, at \*2 (W.D. Tenn. July 12, 2010) (quoting Whitfield v. Snyder, 263 F. App'x 518, 521 (7th Cir. 2008)). Here, Parker did not attempt to confer with West Carroll about the motions before filing them and, consequently, did not certify that she complied with the rules in either motion. Before filing any future motions, Parker "must become familiar with, and follow, the Federal Rules of Civil Procedure and the Local Rules" in order to avoid having her motions denied for being procedurally improper. Id.

December 23, 2020_____
Date