**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

---

| | | |
|---|---|---|
| **RYANNE PARKER, individually and on behalf of her minor daughter, N.P.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No: 1:20-cv-1044-STA-tmp** |
| **WEST CARROLL SCHOOL DISTRICT, et al.** | ) | |
| **Defendants.** | ) | |

---

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Plaintiff Ryanne Parker, pro se,[1] filed this action in the Chancery Court of Carroll County, Tennessee, asserting claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*., Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12132 *et seq*., Section 504 of the Rehabilitation Act (§ 504) , 29 U.S.C. § 791-94g, and 42 U.S.C. § 1983. Defendants removed the action to this Court and filed a motion to dismiss. On June 23, 2020, the Court adopted the Chief Magistrate Judge's recommendation that the motion be granted in part and denied in part and that Plaintiff be allowed to amend her complaint. (ECF No. 40.) The Court dismissed Plaintiff's claims for punitive damages against Defendant West Carroll along with all of her claims against the individual defendants and allowed Plaintiff's amended complaint filed

[1] After filing this action pro se, Plaintiff was briefly represented by counsel. The Court granted counsel's motion to withdraw on August 5, 2020. (ECF No. 44.)

on June 8, 2020. (ECF No. 35.) The amended complaint named Plaintiff's daughter, N.P., as an additional plaintiff. On September 4, 2020, Plaintiff filed a second amended complaint. (ECF No. 45.)

Defendant West Carroll filed a partial motion to dismiss the second amended complaint on September 18, 2020, seeking the dismissal of Plaintiff's individual claims under the ADA, § 504, and § 1983 with prejudice and the dismissal of Plaintiff's claims brought on behalf of N.P. without prejudice. (ECF No. 47.) Plaintiff filed a response to the motion. (ECF No. 52.) On November 24, 2020, Chief Magistrate Judge Tu M. Pham issued a report and recommendation that Defendant's motion should be granted. (ECF No. 54.) Plaintiff has filed objections to that report (ECF No. 57), and Defendant has filed a response to Plaintiff's objections. (ECF No. 60.) For the reasons set forth below, the report and recommendation is **ADOPTED** in its entirely, and, accordingly, Defendant's partial motion to dismiss is **GRANTED**.

The applicable standard of review for a Magistrate Judge's report and recommendation when objections are filed is de novo review. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction.") However, the plaintiff must file "specific objections." *Murphy v. Reed*, 22 F. App'x 390, 391 (6th Cir. 2001). If a plaintiff files "vague, general, or conclusory objections," then the Court may review the report and recommendation as if the plaintiff entirely failed to object. *Cole v. Yunkins*, 7 F. App'x 354, 356 (6th Cir. 2001).

In the present case, Plaintiff's objections lack the reasonable specificity as to why the Chief Magistrate Judge should have reached a different outcome and has attempted to raise new issues

and arguments in her objections. As noted by Defendant, "absent compelling reasons" that are not present in this case, a party may not "raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]." *Murr v. United States*, 200 F.3d 895, 902 n. 1. (6th Cir. 2000). Consequently, the Court has not considered Plaintiff's vague and conclusory objections in reaching its decision, nor has it considered any new arguments or issues raised by Plaintiff. However, using any standard or review, the Court finds that the report and recommendation should be adopted in its entirety.

Plaintiff has not objected to the Chief Magistrate Judge's discussion of the applicable standard of review for motions to dismiss, and the Court finds that his discussion is a correct statement of the law. As stated by the Chief Magistrate Judge, in deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court views plaintiffs' allegations in the light most favorable to them and accepts all well-pleaded factual allegations as true as set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "T]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

The Court will summarize the statement of facts as determined by the Chief Magistrate Judge.[2] Although Plaintiff has attempted to add to this statement of facts comments that are not relevant to the issues at hand and to clarify some of the events leading up to the lawsuit in her objections, she does not appear to object to the Chief Magistrate Judge's overall statement of facts.

Plaintiff is the single mother of N.P., a child with autism. N.P. is in high school and attends West Carroll School District. N.P. receives special education services through an individualized education plan ("IEP"). In October 2018, Plaintiff inquired about potential intervention services for N.P. and was told that she needed to schedule an IEP meeting in addition to an already scheduled mediation meeting. In December 2018, West Carroll sent Plaintiff an invitation for "a needed and necessary" IEP meeting.

Following mediation, Plaintiff emailed the West Carroll school administration to discuss what she considered to be inaccurate statements made during the meeting and to formally request an IEP meeting. West Carroll did not timely respond to the request. In May 2019, the parties met for an end-of-year IEP meeting. At the meeting, N.P.'s case manager and special education teacher recommended that N.P.'s IEP be modified to reduce the amount of extended school year services she received. Plaintiff refused to agree to the cuts. West Carroll ignored Plaintiff's objection, mailed Plaintiff a finalized IEP cutting N.P.'s services with the words "refused to sign" written on Plaintiff's signature line, and unilaterally reduced N.P.'s services. Plaintiff then used administrative procedures under the IDEA to complain of Defendant's actions.

As explained by the Chief Magistrate Judge, "[t]he IDEA provides for two administrative procedures" for a parent who believes her child's rights under the IDEA are being violated. *Long v. Dawson Springs Indep. Sch. Dist.*, 197 F. App'x 427, 433–34 (6th Cir. 2006). One is "the

---

[2] The facts are stated for the purpose of deciding this motion only.

complaint resolution procedure . . . authorized in 20 U.S.C. § 1221e–3[.]" *Id.* The complaint resolution procedure gives parents the right to complain to the state department of education about a local school's "failure to provide appropriate services[.]" 34 C.F.R. § 300.151. If the department determines that the local school has failed to provide appropriate services, the department can order appropriate remedies. *Id.*

The IDEA's second administrative procedure is a due process hearing. 20 U.S.C. § 1415(f). Under this procedure, an aggrieved parent files a due process complaint and has a hearing before an administrative law judge ("ALJ"), with the hearing conducted "under the authority of either the school district or the state educational agency." *I.L. through Taylor v. Knox Cty. Bd. of Educ.*, 257 F. Supp. 3d 946, 954–55 (E.D. Tenn. 2017), *aff'd on other grounds, I.L. by & through Taylor v. Tenn. Dep't of Educ.*, 739 F. App'x 319 (6th Cir. 2018). If the hearing is conducted by the state educational agency, the ALJ's decision is final; if the hearing is conducted by the school district, either party may appeal to the state educational agency and get another hearing. *Id.* "Once the state ALJ issues a decision, the parties may sue in federal court." *Id.*

The state department of education investigated Plaintiff's complaint and concluded that West Carroll violated both Plaintiff's and N.P.'s substantive and procedural rights under the IDEA and state special education law. The department ordered compensatory educational services, individualized education plan meetings, and training on special education law for school staff.

In the beginning of the 2019-20 school year, at a due process hearing, Plaintiff said she was generally satisfied with the services that N.P. was currently receiving. However, Plaintiff asked the ALJ to award her damages to compensate her and her daughter for the harm caused by West Carroll's actions in the 2018-19 school year. The ALJ explained he did not have the authority to do that and that Plaintiff needed to file a complaint in state court if she wanted to recover

damages. The ALJ issued a decision that imposed somewhat broader obligations on West Carroll than were imposed on the school district by the state department. Plaintiff then filed this lawsuit seeking damages as relief.[3]

The first issue looked at by the Chief Magistrate Judge was whether Plaintiff's individual capacity claims under the ADA and § 504 should be dismissed because she was not personally subjected to any discrimination. The Chief Magistrate Judge reviewed the relevant law and correctly concluded that she could not prosecute claims on her own behalf for discrimination against her child under the ADA or § 504. *See*, *e.g.*, *Sorah v. Tipp City Exempted Vill. Sch. Dist. Bd. of Educ.*, 2020 WL 1242882 at *4 (S.D. Ohio Mar. 16, 2020) ("Given that Brandy Sorah has failed to allege that Defendants took any adverse action directly against her as a result of her advocacy, the Court concludes that she lacks standing to pursue claims under the ADA and § 504."); *Burton v. Cleveland Heights Univ. Heights City Sch. Dist. Bd. of Educ.*, 2017 WL 4348915 at *3-4 (N.D. Ohio Sept. 29, 2017) ("The Court agrees that Mrs. Burton does not have standing to assert personal claims under the ADA and the Rehabilitation Act based on violations of Amiya's rights."); *Link v. Metro. Gov't of Nashville & Davidson Cty.*, 2012 WL 4506028 at *5 (M.D. Tenn. Sept. 28, 2012) ("[T]he court refuses . . . to confer independent standing on parents asserting claims under the Rehabilitation Act and the ADA.").

The record shows that Plaintiff's personal claims under the ADA and § 504 are based on alleged discrimination against her daughter and her daughter being denied a free and appropriate

[3] Although Plaintiff attempts to flesh out details of the failures of Defendant West Carroll and the previously dismissed individual defendants in providing services to N.P., she does not dispute the outline of events as set forth by the Chief Magistrate Judge. Furthermore, the state department of education found in her favor, and there is no need to relitigate that issue.

public-school education. Thus, the Chief Magistrate Judge correctly found that Plaintiff's personal claims under the ADA and § 504 must be dismissed.

Next, the Chief Magistrate Judge determined that Plaintiff does not have a colorable claim under 42 U.S.C. § 1983 because she has not alleged a municipal policy or custom that culminated in a constitutional violation. The Chief Magistrate Judge correctly set out that "[a] school district can be liable under § 1983 if its own policies or customs infringed upon the 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Beard v. Whitmore Lake Sch. Dist.*, 244 F. App'x 607, 610 (6th Cir. 2007) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Thus, to hold a school district liable under § 1983, a plaintiff must "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [his] particular injury was incurred due to the execution of that policy." *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 403 (6th Cir. 2010) (quoting *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005)).

In the present case, the Court agrees that Plaintiff has not sufficiently pled a municipal policy or custom that caused her an injury. *See Lovelace v. City of Memphis Police Dep't*, 2010 WL 711190 at *3 (W.D. Tenn. Feb. 24, 2010) (dismissing a pro se plaintiff's § 1983 claim because the plaintiff did not allege sufficient facts to establish a policy or custom and noting that "[t]he Court is under no duty to conjure a policy or custom that would support Plaintiff's suit"). At most, she has alleged that Defendant West Carroll treated her and N.P. unlawfully during the interaction described above. *See Hicks v. Benton Cty. Bd. of Educ.*, 222 F. Supp. 3d 613, 626 (W.D. Tenn. 2016) ("A pattern of misconduct cannot be demonstrated 'from the mistreatment of the plaintiff[.]'"); *Lausin ex rel. Lausin v. Bishko*, 727 F. Supp. 2d 610, 637 (N.D. Ohio 2010) ("The presence of a custom or policy that is unconstitutional cannot be established by evidence of a single

instance of allegedly unconstitutional conduct."). As such, the Court agrees that Plaintiff's § 1983 claim must be dismissed.

Finally, the Chief Magistrate Judge found that Plaintiff's claims brought on behalf of N.P. should be dismissed without prejudice because pro se parents are barred from pursuing claims on behalf of their minor children in federal court. In her objections, Plaintiff points to Rule 17(c) of the Federal Rules of Civil Procedure which provides that a guardian "may sue or defend on behalf of a minor or an incompetent person." While Rule 17(c) permits a parent to bring suit on behalf of her minor child, it does not allow a non-lawyer parent to **represent** her child in federal court. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("parents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is [his] own and does not belong to [his] parent or representative"). Thus, Chief Magistrate Judge Pham correctly determined that, because Plaintiff is no longer represented by counsel, she cannot bring any claims on behalf of N.P. Accordingly, N.P's claims are dismissed without prejudice.

Having reviewed the record, the controlling law, and the parties' submissions, the Court agrees with the Chief Magistrate Judge's decision that Defendant's motion for partial dismissal should be granted in its entirety and hereby **ADOPTS** the report and recommendation. Defendant's motion for partial dismissal (ECF No. 47) is **GRANTED**.

IT IS SO ORDERED.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: January 8, 2021