IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **RYANNE PARKER, individually** ) <br> **and on behalf of her minor** ) <br> **daughter, N.P.,** ) <br> ) <br>     **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> **WEST CARROLL** ) <br> **SCHOOL DISTRICT, et al.** ) <br> ) <br>     **Defendants.** ) | **Case No: 1:20-cv-1044-STA-tmp** |

**ORDER DENYING MOTION FOR PERMISSION
TO FILE AN INTERLOCUTORY APPEAL**

Plaintiff Ryanne Parker, pro se, has moved for permission to appeal the order adopting the Chief Magistrate Judge's recommendation that Defendants' motion to dismiss be granted in part and denied in part and that Plaintiff be allowed to amend her complaint. (ECF No. 64.) The motion is **DENIED**.

Section 1292(b) of Title 28 provides that:

[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order....

A question of law is controlling if it could materially affect the outcome of the case. *See Winnett v. Caterpillar, Inc.*, 2007 WL 2123905 at *4 (M.D. Tenn. July 20, 2007) (quotation omitted). A substantial ground for a difference of opinion exists when "'(1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue.'" *Id.* (quoting *Gaylord Entm't Co. v. Gilmore Entm't Group*, 187 F.Supp.2d 926, 956 (M.D. Tenn. 2001)). An interlocutory appeal materially advances the ultimate termination of the litigation when it "save[s] judicial resources and litigant expense." *Id.* at 6 (citation omitted). An interlocutory appeal should only be granted in exceptional circumstances and should be used sparingly to avoid protracted and expensive litigation. *Cardwell v. Chesapeake & Ohio R.R. Co.*, 504 F.2d 444, 446 (6th Cir.1974) (citation omitted).

Plaintiff has not pointed to any of these factors in support of her motion, and the Court does not find that any of the factors are present. Therefore, an interlocutory appeal is not warranted under 28 U.S.C. § 1292(b), and Plaintiff's motion is **DENIED**.

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: January 28, 2021