IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| RYANNE PARKER, individually and on behalf of her minor daughter, N.P., <br><br> Plaintiffs, <br><br> v. <br><br> WEST CARROLL SCHOOL DISTRICT, et al. <br><br> Defendants. | Case No: 1:20-cv-1044-STA-tmp |

### ORDER DENYING PLAINTIFF'S MOTION
### TO REVISIT AND REINSTATE REHABILITATION ACT CLAIM

Plaintiff Ryanne Parker, pro se, has filed a motion asking the court to "revisit and reinstate" her claims under Section 504 of the Rehabilitation Act (§ 504), 29 U.S.C. § 791-94g. (ECF No. 80.) Those claims were dismissed on January 8, 2021, in an order adopting the report and recommendation of the Chief Magistrate Judge. (ECF No. 63.) In her motion, Plaintiff contends that the Court made its ruling based on incomplete information. However, she does not point to any specific facts or law that the Court did not previously consider.

The Chief Magistrate Judge recommended dismissal of Plaintiff's individual § 504 claims because she was not personally subjected to any discrimination. As this Court noted in its January 8, 2021 order, the Chief Magistrate Judge correctly concluded that Plaintiff could not prosecute claims on her own behalf for discrimination against her child under § 504. *See*, *e.g.*, *Sorah v. Tipp City Exempted Vill. Sch. Dist. Bd. of Educ.*, 2020 WL 1242882 at *4 (S.D. Ohio Mar. 16, 2020)

("Given that Brandy Sorah has failed to allege that Defendants took any adverse action directly against her as a result of her advocacy, the Court concludes that she lacks standing to pursue claims under the ADA and § 504."); *Burton v. Cleveland Heights Univ. Heights City Sch. Dist. Bd. of Educ.*, 2017 WL 4348915 at *3-4 (N.D. Ohio Sept. 29, 2017) ("The Court agrees that Mrs. Burton does not have standing to assert personal claims under the ADA and the Rehabilitation Act based on violations of Amiya's rights."); *Link v. Metro. Gov't of Nashville & Davidson Cty.*, 2012 WL 4506028 at *5 (M.D. Tenn. Sept. 28, 2012) ("[T]he court refuses . . . to confer independent standing on parents asserting claims under the Rehabilitation Act and the ADA."). Plaintiff has not refuted this statement of the law nor has she pointed to any facts showing that she was personally discriminated against.

The Chief Magistrate Judge also found that Plaintiff's claims brought on behalf of her daughter N.P. should be dismissed without prejudice because pro se parents are barred from pursuing claims on behalf of their minor children in federal court. As the Court previously stated, Rule 17(c) of the Federal Rules of Civil Procedure, which provides that a guardian "may sue or defend on behalf of a minor or an incompetent person," permits a parent to bring suit on behalf of her minor child, but it does not allow a non-lawyer parent to **represent** her child in federal court. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("parents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is [his] own and does not belong to [his] parent or representative"). Thus, Chief Magistrate Judge Pham correctly determined that, because Plaintiff is no longer represented by counsel, she cannot bring any claims on behalf of N.P. Accordingly, N.P's claims were dismissed without prejudice. Plaintiff has provided no law to show that this determination was incorrect.

Plaintiff has failed to convince the Court that a mistake, either of law or in the Court's assessment of the facts, has been made. The Court has reviewed the record and finds no mistake or substantial ground for difference of opinion in its original order. Consequently, Plaintiff's motion is **DENIED**.

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: May 11, 2021