# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| RYANNE PARKER, individually and on behalf of her minor daughter, N.P., ) ) ) ) Plaintiffs, ) ) v. ) ) WEST CARROLL ) SCHOOL DISTRICT, et al. ) ) Defendants. ) | Case No: 1:20-cv-1044-STA-tmp |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH

Plaintiff Ryanne Parker, pro se, filed this action in the Chancery Court of Carroll County, Tennessee, asserting claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12132 *et seq.*, Section 504 of the Rehabilitation Act (§ 504) , 29 U.S.C. § 791-94g, and 42 U.S.C. § 1983. Defendants removed the action to this Court and filed a motion to dismiss. On June 23, 2020, the Court adopted the Chief Magistrate Judge Tu M. Pham's recommendation that the motion be granted in part and denied in part and that Plaintiff be allowed to amend her complaint. (ECF No. 40.) The Court dismissed Plaintiff's claims for punitive damages against Defendant West Carroll along with all her claims against the individual defendants. The amended complaint

named Plaintiff's daughter, N.P., as an additional plaintiff.  On September 4, 2020, Plaintiff filed a second amended complaint.

Defendant West Carroll filed a partial motion to dismiss the second amended complaint on September 18, 2020, seeking the dismissal of Plaintiff's individual claims under the ADA, § 504, and § 1983 with prejudice and the dismissal of Plaintiff's claims brought on behalf of N.P. without prejudice.  On November 24, 2020, Chief Magistrate Judge Pham issued a report and recommendation that Defendant's motion be granted, which the Court adopted on January 8, 2021. (ECF No. 63.)

On April 26, 2021, Defendant filed a motion for summary judgment on the only remaining claim in this matter - Plaintiff's personal claim asserted pursuant to the IDEA as it relates to N.P.'s education.[1]  (ECF No. 76.)   Plaintiff filed a response on April 26, 2021 (ECF No. 81), and Defendant filed a reply on May 10, 2021. (ECF No. 85.)  On May 27, 2021, Chief Magistrate Judge Pham submitted a report recommending that the motion for summary judgment be granted. (ECF No. 90.) Plaintiff has filed objections to that report (ECF No. 91), and Defendant has filed a response to Plaintiff's objections.[2]  (ECF No. 92.)  For the reasons set forth below, Plaintiff's objections are **OVERRULED**, the report and recommendation is **ADOPTED** in its entirety, and Defendant's motion for summary judgment is **GRANTED**.

The applicable standard of review for a Magistrate Judge's report and recommendation when objections are filed is de novo review. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected

---

[1]  As discussed below, the Court declines to accept supplemental jurisdiction over any purported state law claims.

[2]  Plaintiff has filed a reply to Defendant's response.  (ECF No. 93.)  However, the Local Rules of this Court do not provide for such a reply, and, therefore, the Court has not considered Plaintiff's reply. *See* LR 72.1(g)(2).

to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction.") However, the plaintiff must file "specific objections." *Murphy v. Reed*, 22 F. App'x 390, 391 (6th Cir. 2001). If a plaintiff files "vague, general, or conclusory objections," then the Court may review the report and recommendation as if the plaintiff entirely failed to object. *Cole v. Yunkins*, 7 F. App'x 354, 356 (6th Cir. 2001).

In the present case, Plaintiff's objections lack reasonable specificity as to why the Chief Magistrate Judge should have reached a different outcome, and she has attempted to raise new issues and arguments in her objections. "[A]bsent compelling reasons" that are not present in this case, a party may not "raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]." *Murr v. United States*, 200 F.3d 895, 902 n. 1. (6th Cir. 2000). Consequently, the Court has not considered any vague and conclusory objections in reaching its decision to adopt the report and recommendation, nor has it considered any new arguments or issues raised by Plaintiff.

Plaintiff has not objected to the Chief Magistrate Judge's discussion of the applicable standard of review for motions for summary judgment, and the Court finds that his discussion is a correct statement of the law. Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). The nonmoving party must present "specific facts showing that there is a genuine issue for trial." *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 196, 200 (6th Cir. 2010) (quoting *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "[I]f the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which the nonmovant has the burden, the moving party is entitled to summary judgment as a matter of law." *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001).

The Chief Magistrate Judge correctly explained that, when a party fails to properly challenge an opposing party's assertion of fact, Rule 56(e) permits the Court to "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)-(3). Additionally, the Court need not consider any unsupported factual assertions or materials in the record not cited by the parties. Fed. R. Civ. P. 56(c)(3). As pointed out by the Chief Magistrate Judge, Plaintiff did not provide citations to the record in her statement of facts or in her response to Defendant's statement of facts. Although Plaintiff has attempted to add to Defendant's statement of facts with comments that are not relevant to the issues at hand and to clarify some of the events leading up to the lawsuit in her objections, she does not appear to object to the Chief Magistrate Judge's overall statement of facts as summarized below.

Plaintiff is the single mother of N.P., a child with autism. N.P. is in high school and attends West Carroll School District. N.P. receives special education services through an individualized education plan ("IEP"). In October 2018, Plaintiff inquired about potential intervention services for N.P. and was told that she needed to schedule an IEP meeting in addition to an already scheduled mediation meeting. In December 2018, West Carroll sent Plaintiff an invitation for "a needed and necessary" IEP meeting.

On December 14, 2018, following mediation, Plaintiff emailed the West Carroll school administration to discuss what she considered to be inaccurate statements made during the

4

meeting, to express her dissatisfaction with N.P.'s education, and to formally request an IEP meeting. After her first request was ignored, Plaintiff followed up on January 2, 2019. An IEP team meeting was eventually held on February 16, 2019.

In May 2019, the parties met for an end-of-year IEP meeting. At the meeting, N.P.'s case manager and special education teacher recommended that N.P.'s IEP be modified to reduce the amount of extended school year services she received. Plaintiff refused to agree to the cuts. West Carroll ignored Plaintiff's objection, mailed Plaintiff a finalized IEP cutting N.P.'s services with the words "refused to sign" written on Plaintiff's signature line, and unilaterally reduced N.P.'s services. Plaintiff then used administrative procedures to complain of Defendant's actions.

In response to her complaint, on July 18, 2019, the Tennessee Department of Education ("TDOE") found that West Carroll had denied N.P. a free and appropriate public education by finalizing the May 21, 2019 IEP without waiting the requisite fifteen days for Plaintiff to request a due process hearing. The TDOE also found that West Carroll had committed a procedural violation of state special education law by not convening an IEP team meeting within ten days of Plaintiff's request; however, the TDOE found that this did not amount to a substantive denial of N.P.'s right to a free and appropriate public education. In accordance with its findings, the TDOE directed West Carroll to implement several corrective measures. On August 26, 2019, the TDOE sent a letter to Plaintiff confirming that the corrective actions had been completed.

Plaintiff also filed a discrimination/harassment complaint with West Carroll, alleging that West Carroll and Tammy Davis (N.P.'s special education teacher) had abused their power in finalizing N.P.'s IEP in May 2019. (ECF No. 76-9.) West Carroll reviewed Plaintiff's complaint and issued a report on July 12, 2019, recommending that the district's special education supervisor be in attendance or on the phone for all of N.P.'s future IEP meetings. On August 30, 2019,

Plaintiff sent an email to Crystal Polinski (West Carroll's ADA/Section 504 coordinator), stating that she believed her complaint had not been fully investigated. On September 24, 2019, Polinski issued a subsequent report on Plaintiff's complaint, finding that N.P. had not been discriminated against by anyone at West Carroll.

On October 15, 2019, Plaintiff submitted a due process hearing request form to the TDOE, asserting that N.P.'s Response to Intervention ("RTI") placement process had failed to acknowledge N.P.'s secondary diagnosis of a specific learning disorder. A hearing before an administrative law judge ("ALJ") was set for December 9, 2019. However, on November 1, 2019, Plaintiff sent an email to the presiding ALJ withdrawing her request for a due process hearing. Based on this request, the matter was dismissed on November 6, 2019.

Plaintiff also filed a request with West Carroll for an ADA/Section 504 Due Process hearing. According to the request, N.P.'s IEP was withheld for more than two months and West Carroll did not conduct an IEP team meeting until after Plaintiff had contacted the state, all while N.P. was considered a "high risk" student. The hearing was held on November 19, 2019, before a hearing officer.

According to the hearing officer's decision, the hearing was conducted "pursuant to the provisions of Section 504 of the Rehabilitation Act of 1973." In his decision, the hearing officer acknowledged TDOE's previous findings that West Carroll had committed substantive violations of the IDEA by not providing a free and appropriate public education to N.P. The hearing officer imposed seven § 504 accommodations for N.P. Following the decision by the ADA/Section 504 hearing officer, Plaintiff filed this lawsuit in state court on January 23, 2020, seeking damages, and it was subsequently removed to this Court.

As previously explained by the Chief Magistrate Judge, "[t]he IDEA provides for two administrative procedures" for a parent who believes her child's rights under the IDEA are being violated. *Long v. Dawson Springs Indep. Sch. Dist.*, 197 F. App'x 427, 433–34 (6th Cir. 2006). One is "the complaint resolution procedure . . . authorized in 20 U.S.C. § 1221e–3[.]" *Id.* The complaint resolution procedure gives parents the right to complain to the state department of education about a local school's "failure to provide appropriate services[.]" 34 C.F.R. § 300.151. If the department determines that the local school has failed to provide appropriate services, the department can order appropriate remedies. *Id.*

The IDEA's second administrative procedure is a due process hearing. 20 U.S.C. § 1415(f). Under this procedure, an aggrieved parent files a due process complaint and has a hearing before an ALJ, with the hearing conducted "under the authority of either the school district or the state educational agency." *I.L. through Taylor v. Knox Cty. Bd. of Educ.*, 257 F. Supp. 3d 946, 954–55 (E.D. Tenn. 2017), *aff'd on other grounds, I.L. by & through Taylor v. Tenn. Dep't of Educ.*, 739 F. App'x 319 (6th Cir. 2018). If the hearing is conducted by the state educational agency, the ALJ's decision is final; if the hearing is conducted by the school district, either party may appeal to the state educational agency and get another hearing. *Id.* "Once the state ALJ issues a decision, the parties may sue in federal court." *Id.* It is only after a party has "been aggrieved by the findings and decision made" following an impartial due process hearing that the IDEA provides for a private cause of action. 20 U.S.C. § 1415(i)(2)(A).

Thus, the IDEA requires that a plaintiff exhaust the IDEA's administrative procedures or show that a recognized exception applies before filing a lawsuit. *See F.C. v. Tenn. Dep't of Educ.*, 745 F. App'x 605, 608 (6th Cir. 2018) (citing *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 752 (2017)). In the present case, Defendant contends that Plaintiff did not exhaust her administrative

remedies under the IDEA. Plaintiff contends that she exhausted her administrative remedies by filing administrative complaints and by participating in mediation and dispute resolution meetings.

The Chief Magistrate Judge looked at the relevant law and explained that merely filing a complaint and beginning the IDEA grievance procedure does not trigger a private cause of action. *See Tyler B. v. San Antonio Elementary Sch. Dist.*, 253 F. Supp. 2d 1111, 1118 (N.D. Cal. 2003) ("The initiation of a state level review which did not proceed to a due process hearing is not literal exhaustion or its equivalent."). The IDEA's exhaustion requirement clearly "requires the party to raise her claims in a due process hearing," not just file a complaint or take the first steps through the process. *Kelly O. v. Taylor's Crossing Pub. Charter Sch.*, 2013 WL 4505579 at *8 (D. Idaho Aug. 21, 2013). The same is true for engaging in mediation under 20 U.S.C. § 1415(e) or a preliminary dispute resolution hearing as authorized by 20 U.S.C. § 1415(f)(1)(B)(i), which by its terms must occur "[p]rior to the opportunity for an impartial due process hearing." *See Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 2006 WL 8456075 at *3 (W.D. Mich. Oct. 6, 2006); *see also Bishop v. Oakstone Acad.*, 477 F. Supp. 2d 876, 883 (S.D. Ohio 2007) ("Plaintiffs withdrew their request for a due process hearing and pursued no other administrative remedies before bringing this action. Thus, Plaintiffs failed to exhaust their administrative remedies as the IDEA requires."). Relying on the record and the applicable caselaw, the Chief Magistrate Judge correctly determined that Plaintiff withdrew her request for a due process hearing, the matter was dismissed, and, thus, Plaintiff did not satisfy the IDEA's exhaustion requirement.

The Chief Magistrate Judge rejected Plaintiff's argument that her completion of an ADA/Section 504 Due Process hearing equated to successfully exhausting her administrative remedies under the IDEA. Although the Sixth Circuit has not addressed this issue, the Chief

Magistrate Judge looked to other jurisdictions to find that exhausting administrative procedures under other federal laws (such as § 504 or the ADA) do not satisfy a plaintiff's exhaustion requirement under the IDEA. *See*, *e.g.*, *Weber v. Cranston Sch. Comm.*, 212 F.3d 41, 53 (1st Cir. 2000) ("IDEA's mandate is explicit: plaintiffs must exhaust IDEA's impartial due process hearing in order to bring a civil action under subchapter II of IDEA[.] . . . [S]tate and federal complaint procedures other than the IDEA due process hearing do not suffice for exhaustion purposes."); *Avoletta v. City of Torrington, (AHN)*, 2008 WL 905882 at *6 (D. Conn. Mar. 31, 2008) ("It is the exhaustion of the IDEA's administrative procedures, not procedures under Section 504, that is the prerequisite for bringing an action in federal or state court alleging the denial of a FAPE under the IDEA, Section 504, the ADA, Section 1983, or any other cause of action."(citations omitted)).

The Chief Magistrate Judge pointed out that the due process hearing in this case was held "pursuant to the provisions of Section 504 of the Rehabilitation Act of 1973" — not the IDEA – and was intended to determine what, if any, § 504 accommodations West Carroll owed to N.P. As such, the hearing officer's findings in the ADA/Section 504 Due Process hearing did not "constitute[] a 'finding and decision' within the meaning of § 1415(i)(2)(A) *of the IDEA* or that such a ruling is 'made under' subsection § 1415(i) *of the IDEA*" because "[t]he IDEA and Section 504 are separate, distinct statutes." *Sch. Bd. of Lee Cty. V. M.P. by and through E.P.*, 2016 WL 8716258 at *8 (M.D. Fla. Sept. 30, 2016) (emphasis in original).

Even thought Plaintiff did not exhaust her administrative remedies, the IDEA's exhaustion prerequisite to filing suit is not absolute, and, thus, the Chief Magistrate Judge properly looked at the exceptions to the exhaustion requirement and found that none applied in the present case.

A plaintiff may bypass the IDEA's exhaustion requirement "when the use of administrative procedures would be futile or inadequate to protect the plaintiff's rights." *F.C.*, 745 F. App'x at

9

608 (citing *Covington v. Knox Cty. Sch. Sys.*, 205 F.3d 912, 917 (6th Cir. 2000), and *Honig v. Doe*, 484 U.S. 305, 326 (1988)). The futility exception applies when "the injuries alleged by the plaintiffs do not 'relate to the provision of a FAPE [free appropriate public education]' as defined by the IDEA, and when they cannot 'be remedied through the administrative process' created by that statute." *Fry*, 788 F.3d at 627 (quoting *F.H. ex rel. Hall v. Memphis City Sch.*, 764 F.3d 638, 644 (6th Cir. 2014)). However, "most courts have held that a plaintiff seeking money damages is required to exhaust administrative remedies under the IDEA, even if money damages are not available under the IDEA or through the administrative process." *Covington*, 205 F.3d at 916. In the Sixth Circuit, the futility exception appears to be limited to a narrow set of cases such as when the student was a victim of abuse in an educational setting. *See*, *e.g.*, *Hall*, 764 F.3d at 644; *B.H. v. Portage Pub. Sch. Bd. of Educ.*, 2009 WL 277051 at *10 (W.D. Mich. Feb. 2, 2009).

The burden is on the party claiming the exception to show that it applies in her case. *F.C.*, 745 F. App'x at 608 (citing *Covington*, 205 F.3d at 917). Here, Plaintiff has not met that burden because the injuries of which she complains relate to the denial of a free appropriate education as defined by the IDEA. As determined by the Chief Magistrate Judge, unlike the plaintiffs who assert claims of physical abuse, Plaintiff's IDEA claim centers on the amount and sufficiency of N.P.'s ESY services. As such, the gravamen of Plaintiff's case relates directly to "the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child," rather than any physical harm, abuse, or tortious conduct. *See* 20 U.S.C. § 1415(b)(6) (defining the scope of complaints that are encompassed by the IDEA). *See Hall*, 764 F.3d at 643 (holding that "[a]ppellants are not excused from exhaustion merely because they request compensatory damages" that an IDEA hearing officer may not award). Because the focus of Plaintiff's claims is that N.P. was deprived of educational services,

she was required to fully exhaust her administrative remedies under the IDEA prior to filing suit. She did not do so. Thus, Court agrees with the Chief Magistrate Judge that Defendant is entitled to summary judgment due to Plaintiff's failure to exhaust.

To the extent that Plaintiff has alleged claims based on state law, the Court accepts the recommendation that the Court decline to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").

Having reviewed the record, the controlling law, and the parties' submissions, the Court agrees with the Chief Magistrate Judge's decision that Defendant's motion for summary judgment should be granted in its entirety and hereby **ADOPTS** the report and recommendation. Defendant's motion for summary judgment (ECF No. 76) is **GRANTED**. The IDEA claim will be dismissed with prejudice, and the state law claims will be dismissed without prejudice. Judgment will be entered in favor of Defendants in accordance with this order and the previous orders of dismissal. (ECF Nos. 40, 63.)

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, she must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or

otherwise denies leave to appeal in forma pauperis, the party must file her motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that Defendants are entitled to dismissal of certain claims and summary judgment on the remaining claim but the action has sufficient merit to support an appeal *in forma pauperis*. The same considerations that led the Court to grant Defendants' motions to dismiss and motion for summary judgment also compel the conclusion that an appeal would not be taken in good faith.

It is **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, **DENIED**.[3]

Accordingly, if Plaintiff files a notice of appeal, she must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: June 24, 2021.

---

[3] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless she is specifically instructed to do so, Plaintiff should not send to this Court copies of documents intended for filing in the Sixth Circuit.